IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JAMES A. BUTLER                    *
        Plaintiff,

    v.                                 *        CIVIL ACTION NO. WMN-04-2496

WARDEN SHEARIN, et al.             *
        Defendants.

*****

**<u>MEMORANDUM</u>**


Plaintiff James Butler, a federal inmate, filed this Complaint alleging that he suffered harm due to exposure to environmental tobacco smoke ("ETS") during his incarceration at the Federal Correctional Institution in Cumberland ("FCI-Cumberland").[1]  Plaintiff has alleged an Eighth Amendment violation and a tort claim based on negligence.[2]  He invokes the court's civil rights jurisdiction under 28 U.S.C. § 1343, as well as its "supplemental jurisdiction" under 28 U.S.C. § 1367 under the Federal Tort Claims Act ("FTCA").[3]

---

[1]     Plaintiff was transferred to the Federal Correctional Institution in Edgefield, South Carolina in May of 2005.  *See Butler v. Dewalt*, Civil Action No. WMN-05-1214 (D. Md. 2004).

[2]     In his Complaint and Amended Complaint filed in July and September of 2004, Plaintiff alleges that while confined at FCI-Cumberland from 1997 to 2003, he was housed in two units where smoking was allowed until February 3, 2003, when the indoor smoking ban went into effect.   Plaintiff asserts, however, that since February 3, 2003, non-smokers are celled with smokers and smokers continue to smoke in FCI-Cumberland cells, television and laundry rooms, common areas, shower stalls, telephone areas, chow and pill lines, indoor recreation, and the dining hall.  Plaintiff complains that: he has been housed with cellmates who smoke in their cells; he has been exposed to very high levels of ETS; he has suffered from symptoms of chest pain, sore throat, burning eyes, and headaches caused by ETS; and FCI-Cumberland administrators, officers, and medical personnel are unwilling to enforce the February, 2003 smoking policy and have frequently violated the policy themselves.  He asserts that he is a 62-year old male with heart problems, high blood pressure, and spondylolisthesis, which is exacerbated by his exposure to ETS.  Plaintiff claims that he has submitted numerous administrative remedies about inmates and staff smoking in the units and has been subject to a variety of abuses in retaliation for filing administrative remedies.

[3]     Plaintiff sues approximately 25 prison employees and seeks declaratory and injunctive relief, along with compensatory and punitive damages. With his transfer out of FCI-Cumberland, Plaintiff's injunctive relief request has been rendered moot.  *See Williams v. Griffin*, 952 F.2d 820, 823 (4th Cir. 1991); *Magee v.*

Defendants have filed a Motion to Dismiss or for Summary Judgment and Plaintiff has filed an Opposition response.  Paper Nos. 16 & 25.  Oral hearing is not necessary.  *See* Local Rule 105.6. (D. Md. 2004).   For reasons to follow, Defendants' Motion to Dismiss or for Summary Judgment shall be granted in part and denied in part.

I.  *Standard of Review*

    A.  *Motion to Dismiss*

A court reviewing a complaint in light of a Rule 12(b)(6) motion accepts all well-pled allegations of the complaint as true and construes the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff.  *See Ibarra v. United States*, 120 F.3d 472, 473 (4th Cir. 1997).  Such a motion should not be granted unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  *See Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

    B.  *Motion for Summary Judgment*

A motion for summary judgment will be granted only if there exists no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  In other words, if there clearly exists factual issues "that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party," then summary judgment is inappropriate.  *See Anderson*, 477 U.S. at 250;  *see also Pulliam Inv. Co. v. Cameo Properties*, 810 F.2d 1282, 1286 (4th Cir. 1987).  The moving party bears the burden of showing that there is no genuine

---

*Waters*, 810 F.2d 451, 452 (4th Cir. 1987).

issue of material fact.  Fed. R. Civ. P. 56(c); *Pulliam*, 810 F.2d at 1286 (citing *Charbonnages de France v. Smith*, 597 F.2d 406, 414 (4th Cir. 1979)).

II.  *Analysis*

    A.  *FTCA Claim*

Under the FTCA, the United States is liable as a private person for "injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting under the scope of his office or employment."   28 U.S.C. § 1346(b).  As a waiver of sovereign immunity, the FTCA is to be narrowly construed.  *See United States v. Nordic Village, Inc*., 503 U. S. 30, 34 (1992).  To proceed under the FTCA, a claimant cannot file a lawsuit unless he has first presented an administrative claim to the appropriate federal agency and it has been finally denied or the agency has not made a final determination after the passage of six months.   28 U.S.C. § 2675(a).  Compliance with the administrative claim process is a jurisdictional prerequisite to suit under the FTCA.  *See Kokotis v. United States Postal Service*, 223 F. 3d 275, 278 (4th Cir. 2000).

Defendants state that Plaintiff has not filed an administrative tort claim with the Bureau of Prisons ("BOP") alleging that BOP staff have been negligent in the enforcement of the smoking policy.  Paper No. 16, Ex. 1 at Gottlieb Decl. & Attach. G.  While there is no dispute that Plaintiff has filed several tort claims with the BOP, none of these claims relate to the issues presented herein.  Plaintiff has failed to ensure that his ETS claims of negligence were first presented to the BOP.    Consequently, his FTCA claims are subject to dismissal.

    B.  *Bivens Claims*

Plaintiff alleges that his exposure to environmental tobacco smoke violates his Eighth Amendment right to be free from cruel and unusual punishment.[4]  As a federal prisoner, Plaintiff asserts these claims pursuant to *Bivens v. Six Unknown Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).  He raises a number of specific claims in his Opposition, supported by affidavit,  which were not previously presented.  Plaintiff now asserts that he was housed in a general population cell with a cell mate, Ronald Lett, who smoked packs of cigarettes  in the cell.  He again  maintains that his cardiovascular and other medical conditions were compromised by ETS.          The court observes that the issues raised here and defended by the government parties are similar to those presented in *Manning v. Lambert, et al*., Civil Action No. AW-03-2057 (D. Md. 2003).  Indeed, Defendants rely the unpublished opinion in *Manning* to support their *Bivens* arguments.  The United States Court of Appeals for the Fourth Circuit, however, recently reversed and remanded *Manning*, finding material issues of fact regarding: Manning's exposure to high levels of ETS at FCI-Cumberland; the seriousness of Manning's injury or medical need; and the diligence with which FCI-Cumberland staff enforced the smoking policy.  *See Manning v. Lambert*, 2005 WL 1689633 (4th Cir. July 20, 2005).

In light of the new factual claims raised in the opposition and the *Manning* decision, Defendants' Motion to Dismiss or for Summary Judgment shall be denied without prejudice as to Plaintiff's *Bivens* claim.  Defendants may seek to renew their dispositive motion in order to respond to Plaintiff's new ETS exposure claims and to discuss the implications of the *Manning* decision on this case.

---

[4]    In order to show that exposure to ETS constitutes cruel and unusual punishment in violation of the Eighth and Fourteenth Amendments, a prisoner must show that prison officials "have, with deliberate indifference, exposed him to levels of ETS that pose an unreasonable risk of serious damage to his future health." *Helling v. McKinney*, 509 U.S. 25, 35 (1993).  Also at issue is whether the prisoner has suffered from a serious injury or medical need.  *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

III.  *Conclusion*

        For the aforementioned reasons, Defendants' Motion to Dismiss or for Summary Judgment is

granted in part and denied in part.   A separate Order follows.


                                                        /s/

Date:  August 16, 2005           _____
                                                William M. Nickerson
                                                Senior United States District Judge